JOSEPH KUCZEK, Plaintiff, *v.* MICHAEL KUCZEK, Defendant.

Supreme Court, Special Term, Nassau County, September 29, 1947.

*Thomas A. Dwyer* for plaintiff.

*J. Oakey McKnight* for defendant.

COLDEN, J. Motion by plaintiff for the appointment of a receiver *pendente lite*. The affidavits of both sides are convincing that there is grave danger that the liquor license may be lost and that the immediate appointment of a receiver is of urgent importance to the plaintiff whose affidavits establish an apparent right to or an interest in the real property, the business therein conducted as well as the apparent right to the license. The plaintiff has fully complied with the statutory requirements of section 974 of the Civil Practice Act and his motion is granted.

The defendant urges that in the event that the plaintiff's motion be granted, the defendant be appointed. Under date of January 13, 1944, the defendant in an affidavit stated: " Your deponent is fifty years old and has been a resident of the United States since May 1911, and was born in Poland. Deponent has never applied for citizenship and is not at the present time a citizen of the United States.'' The record is silent as to any change of citizenship status. Upon the argument it was asserted and not denied that he still is an alien. As a national of the present government of Poland, he owes no loyalty to our government or our Constitution and our laws. Two questions are presented, one, whether an alien should be appointed a receiver, and, two, whether the appointment of an alien would jeopardize the license of the premises under the provisions of the Alcoholic Beverage Control Law. As to the first, a receiver is an officer of this court. One of the primary requisites of an official status in our court is that the holder thereof shall be a citizen. The defendant is not a citizen and, hence, is disqualified in the opinion of this court from serving as a receiver. Section 122 of the Alcoholic Beverage Control Law provides for the continuance of a licensed liquor business by a receiver who " may continue to carry on such business upon such premises for the balance of the term for which such license or permit was effective, with the same rights and subject to the same restrictions and liabilities as if he had been the original applicant for and the original holder of such license or permit, providing the approval of the liquor authority shall be first obtained ''. Subdivision 3 of section 126 of the Alcoholic Beverage Control Law provides that, " The following are forbidden to traffic in alcoholic beverages: A person who is not a citizen of the United States.'' The provisions of sections 122 and 126 of the Alcoholic Beverage Control Law definitely exclude the defendant individually, and as a receiver, from holding the license in question. The defendant in his answer asserts: " That

at all times mentioned in the complaint and prior thereto, to wit: June 1940, defendant was and still is the owner of said bar and grill business known as Joe's Tavern.'' Without going into the merits of the action, the defendant's allegation as to his ownership of the bar and grill business may seriously endanger the continuance of the license. Such allegation constitutes an immediate danger that plaintiff's asserted and apparent right or interest in the property may be '' lost, materially injured or destroyed ''. (Civ. Prac. Act, § 974.) Plaintiff will be appointed receiver. If the parties can agree upon the amount of the bond, they may do so. If they cannot agree, the court will receive suggestions when the proposed order is submitted.

Settle order on notice.